**Alex Boon**, OSB #195761
alex@nwjp.org
**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
**D. Michael Dale**, OSB #771507
michael@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave., Suite 320
Portland, Oregon 97204
Phone: (503) 525-8454
Fax: (503) 946-3029

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JOSE SALADO**, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>**SUNRISE REFORESTATION, INC.**, an Oregon business corporation,<br><br>         Defendant. | Case No.: 6:24-cv-1868<br><br>**COMPLAINT**<br><br>**Migrant and Seasonal Agricultural Worker Protection Act** (29 U.S.C. § 1801, *et seq.*);<br>**Oregon Contractor Registration Act** (O.R.S. § 658.440);<br>**Fair Labor Standards Act** (29 U.S.C. § 201, *et seq.*);<br>**Oregon Wage and Hour Laws**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Jose Salado ("Plaintiff") brings this action against Sunrise Reforestation, Inc. ("Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to collect unpaid wages. Specifically, Plaintiff seeks overtime wages due to him under 29 U.S.C. §

207, liquidated damages, and attorney fees under 29 U.S.C. § 216(b).

2. Further, Plaintiff seeks unpaid wages, penalty wages, statutory damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.055, 653.025, and 653.261.

3. Plaintiff also alleges violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801, *et seq.*, and seeks actual or statutory damages for violations of 29 U.S.C. §§ 1821 and 1822, including failing to maintain accurate payroll records of compensable travel time, failing to reimburse travel expenses, failing to pay all wages when due, and breaching the working arrangement.

4. Plaintiff also alleges violations of the Oregon Contractor Registration Act ("OCRA"), § 658.405, *et seq.*, and seeks penalties for violations of O.R.S. §§ 658.440(1)(d) (failing to pay the agreed-upon hourly wage) and 658.440(2)(b) (failing to comply with applicable law relating to the health, safety, or habitability of the housing), and attorney fees under O.R.S. § 658.453(4).

## II. JURISDICTION

5. This Court has jurisdiction of this action pursuant to the following:

    a. 28 U.S.C. § 1331, as this action arises under the laws of the United States;

    b. 28 U.S.C. § 1337, as this action arises under Acts of Congress regulating commerce;

    c. 29 U.S.C. §§ 201, *et seq.*, as this action arises under FLSA;

    d. 29 U.S.C. § 1854(a), as this action arises under AWPA;

    e. 28 U.S.C. § 1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States

Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), since Defendant is a resident of Linn County, Oregon.

### III. PARTIES

7. Plaintiff is a natural person who performed forestation work of a seasonal or temporary nature for Defendant from approximately January 10, 2023, to May 12, 2023.

8. Defendant Sunrise Reforestation, Inc. is an Oregon business corporation with its principal place of business in Tangent in Linn County, Oregon.

### IV. FACTS

9. At all relevant times, Defendant has been engaged in providing forestry and reforesting services.

10. Defendant hired Plaintiff to perform forestry and/or reforestation labor for another at various worksites, that it did not own.

11. For an agreed remuneration or rate of pay, Defendant recruited, solicited, supplied, or employed workers, including Plaintiff, to perform labor for another person to work in forestation or reforestation of lands.

12. Defendant acted as a labor contractor, as that term is defined under O.R.S. 658.405, with respect to Plaintiff's employment with it.

13. On July 2, 2022, Defendant submitted a Job Order (ETA Case Number H-400-22184-329910) ("Job Order") to the state workforce agency serving the geographical area of intended employment. The approved Job Order included the following terms and guarantees:

    a. Work to begin on October 1, 2022 and to continue until June 30, 2023.

    b. 40 hours a week, 7:00am to 3:30pm, Monday through Friday.

      c.      An hourly wage ranging from $16.45 to $20.43, depending in which county work is performed.

      d.      Bi-weekly pay period.

      e.      Defendant guaranteed to offer work for hours equal to at least 3/4 of the workdays in each 12-week period of the total employment period.

      f.      Reimbursement, in the first workweek, for all visa, visa processing, border crossing and other related fees, including those mandated by the government, incurred by H-2B workers.

      g.      Assurance that the employer will reimburse the worker for transportation costs and subsistence to the worksite when the worker completes fifty percent of the work period.

14.      The Job Order made no mention of a piece rate.

15.      After Plaintiff traveled to the United States for the job, Defendant represented to Plaintiff that he was to be compensated at an hourly rate for the first 800 trees planted in a day, and at a piece rate of thirty cents for each additional tree he planted in a day.

16.      Defendant failed to furnish to Plaintiff, each time Plaintiff received a compensation payment from Defendant, with an itemized statement that reflected the piece rate or number of pieces done.

17.      Defendant recruited Plaintiff under the terms of this Job Order, and Plaintiff accepted the offer of employment under those same terms.

18.      Pursuant to this offer, Plaintiff traveled to Oregon to perform reforestation work for Defendant beginning on or about January 10, 2023.

19. Plaintiff was required to pay at least approximately $500 to cover visa expenses, hotel and subsistence costs, and travel expenses to get to Oregon.

20. Plaintiff was never reimbursed for the money expended to cover visa expenses, hotel and subsistence costs, and travel expenses to get to Oregon as promised.

21. As Defendant did not reimburse Plaintiff for visa expenses, hotel and subsistence costs, and travel expenses, Defendant failed to pay Plaintiff the federal or state minimum wage for all hours worked in Plaintiff's first two work weeks working for Defendant.

22. On or around May 12, 2023, Plaintiff sustained serious injuries while performing work for Defendant.

23. Plaintiff routinely worked at the actual work site Monday through Saturday, from 7:00am to 3:30pm.

24. In addition, each day, plaintiff was required to travel from temporary lodging provided by the employer to and from remote forestation sites across Oregon and Washington.

25. Plaintiff was not paid for the time that he was required to travel to and from temporary housing and the remote reforestation sites.

26. Defendant did not pay Plaintiff at a rate that equals or exceeds the highest of the prevailing wage, the applicable Federal minimum wage, the State minimum wage, and local minimum wage.

27. In multiple workweeks, including the workweek beginning on January 22, 2023, Plaintiff worked in excess of 40 hours without receiving overtime pay at the prescribed time-and-a-half rate for hours worked beyond 40 each week.

28. In multiple workweeks, including the workweek beginning January 22, 2023, Plaintiff was not compensated for approximately 10 hours of travel time to and from the employer-

provided temporary lodgings and the access points of the remote forest worksites, as well as approximately 3.75 hours walking to and from these access points to the worksites.

29. These worksites were only known by Plaintiff's supervisors and virtually impossible to get to any other way, especially for foreign, temporary workers with little to no familiarity with the surrounding areas.

30. Plaintiff, through counsel, sent a letter to Defendant on July 26, 2024, in which Plaintiff demanded his unpaid wages, outlined Defendant's violations of state and federal wage and hour laws, as well as statutory violations of AWPA and OCRA.

31. To date, Defendant has not paid Plaintiff his unpaid wages.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA
*Failure to Pay Overtime Premiums*

32. Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff at a rate of time and one half for work performed in excess of forty hours in a workweek.

33. Defendant violated 29 U.S.C. § 206 by failing to pay Plaintiff the minimum wage rate for all hours worked.

34. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime and minimum wages, equal additional amounts as liquidated damages, and attorney fees and costs.

### Second Claim – Violation of Oregon Wage and Hour Laws
*Failure to Pay Minimum Wage*

35. Defendant violated O.R.S. § 653.025 by failing to pay Plaintiff for all hours worked for Defendant at an hourly rate equal to or exceeding Oregon's minimum wage.

36. Pursuant to O.R.S. § 653.055, Plaintiff seeks to recover unpaid wages and penalty

damages in an amount equal to 240 times his hourly rate.

37. Pursuant to O.R.S. §§ 652.200(2) and 653.055, Plaintiff seeks attorney fees and costs because he was required to obtain the services of an attorney.

### Third Claim – Violation of Oregon Wage and Hour Laws
*Failure to Pay Overtime Premiums*

38. Defendant violated O.A.R. 839-020-0030, promulgated under O.R.S. § 653.261, by failing to pay Plaintiff at a rate of time and one half for work performed in excess of forty hours in a workweek.

39. Pursuant to O.R.S. § 653.055, Plaintiff seeks to recover penalty damages in an amount equal to 240 times his hourly rate.

40. Pursuant to O.R.S. §§ 652.200(2) and 653.055, Plaintiff seeks attorney fees and costs because he was required to obtain the services of an attorney.

### Fourth Claim – Violation of Oregon Wage & Hour Laws
*Failure to Pay Wages When Due Upon Termination*

41. Defendant violated O.R.S. § 652.145 by failing to pay Plaintiff all of his wages when due upon termination of his employment within the time specified in O.R.S. § 652.145.

42. Defendant's failure to pay Plaintiff all of his wages upon termination of employment was willful.

43. Pursuant to O.R.S. § 652.150, Plaintiff seeks to recover penalty damages in an amount equal to 240 times his hourly rate for willfully failing to pay wages upon termination of employment.

44. Plaintiff is entitled, under O.R.S. § 653.055, to recover penalty damages in an amount equal to 240 times his hourly rate.

45. Pursuant to O.R.S. § 652.200, Plaintiff also seeks reasonable attorney fees and

costs.

### Fifth Claim – Violation of AWPA
*Violation of 29 U.S.C. §§ 1821-1823*

39. Defendant violated AWPA in that:

    a. Defendant failed to make, keep, and preserve payroll records for compensable travel time, in violation of 29 U.S.C. § 1821(d)(1)(C);

    b. Defendant failed to pay Plaintiff all wages when due, in violation of 29 U.S.C. § 1822(a);

    c. Defendant failed to disclose that it would compensate Plaintiff at a piece rate, in violation of 29 U.S.C. § 1821(a); and

    d. Defendant breached the working arrangement, in violation of 29 U.S.C. § 1822(c), by failing to pay Plaintiff at a rate of time and one half for work performed in excess of forty hours in a workweek; failing to pay Plaintiff for compensable travel time; failing to make, keep, and preserve payroll records for Plaintiff's compensable travel time; failing to reimburse Plaintiff for his visa expenses, hotel and subsistence costs, and travel expenses to get to Oregon; requiring Plaintiff to pay for housing costs that were primarily for the benefit of Defendant; by failing to disclose that it would compensate Plaintiff at a piece rate and; by failing to comply with the "three-fourths guarantee" of the H-2B program; *i.e.*, by failing to offer Plaintiff employment for a total number of hours equal to at least three-fourths of the workdays of each 12-week period beginning with the first workday after the arrival of Plaintiff at the place of employment or the advertised first date of need, whichever is later, and ending on the expiration date specified in the job order or in its extensions.

40. Plaintiff is entitled to actual or statutory damages of $500.00 for each of

Defendant's violation of AWPA pursuant to 29 U.S.C. § 1854.

### Sixth Claim – Oregon Contract Registration Act
*Violation of O.R.S. § 658.440*

41. Defendant violated OCRA in that:

    a. Defendant failed to pay the agreed-upon hourly wage, in violation of violation of O.R.S. § 658.440(1)(d);

    b. Defendant failed to furnish to Plaintiff, each time Plaintiff received a compensation payment from Defendant, with an itemized statement that reflected the piece rate or number of pieces done, in violation of O.R.S. § 658.440(1)(h);

    c. Defendant failed to comply with applicable law relating to the health, safety, or habitability of the housing, in violation of O.R.S. § 658.440(2)(b); and

    d. Defendant failed to pay Plaintiff all wages when due in 2021, in violation of O.R.S. § 658.440(1)(c).

42. Plaintiff is entitled to actual or statutory damages of $1,000.00 for each of Defendant's violations of OCRA pursuant to O.R.S. § 658.453(4), together with his court costs and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

1. Award Plaintiff such legal or equitable relief as may be appropriate to effectuate the purpose of FLSA, including without limitation, the payment of unpaid wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff his unpaid wages pursuant to O.R.S. §§ 653.025, 653.261, OAR 839-020-0030, and O.R.S. § 653.055;

3. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's hourly wage pursuant

    to O.R.S. § 652.150 for failure to pay Plaintiff's wages promptly upon termination;

4. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's hourly wage pursuant to O.R.S. § 652.150 for failure to pay Plaintiff the minimum wage;

5. Award Plaintiff his actual damages or statutory damages of $500.00 for each violation of AWPA;

6. Award Plaintiff his actual damages or $1000.00 statutory damages for each violation of OCRA;

7. Find that Plaintiff is the prevailing party and award Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 653.055 and 652.200;

8. Award Plaintiff's pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

9. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 10th day of November, 2024.

                                              /s Alex Boon
                                              Alex Boon, OSB #195761
                                              alex@nwjp.org
                                              Northwest Workers' Justice Project
                                              310 SW 4th Ave., Suite 320
                                              Portland, Oregon 97204
                                              Phone: (503) 525-8454
                                              Fax: (503) 946-3029

                                              *Of attorneys for Plaintiff*

Page 10 - COMPLAINT